

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 3, 1957

Mr. Coke R. Stevenson, Jr.
Administrator
Texas Liquor Control Board
Austin, Texas

Opinion No. WW-269

RE: In a local option
election where the
polls close at 7:00
P.M. would it be
legal for the election
judge to stand a clerk
at the end of any line
of voters at 7:00 P.M.
and then permit all
of those in line
ahead of that clerk
to come inside and cast
their ballots as though
they had been inside
before the 7:00 P.M.
closing time?

Dear Mr. Stevenson:

You have requested our opinion on the question of
whether at the hour for closing the polls in a local option
election, the presiding judge of the election may place a
clerk at the end of any line of voters present and waiting
to vote, and allow all those in front of the clerk to vote
in the election.

The Texas Liquor Control Act, under which local
option elections are held, provides that the "general
election laws" are to be followed except where they con-
flict with the provisions of the Texas Liquor Control Act,
Art. 666, Sec. 36, Vernon's Penal Code. The Texas Liquor
Control Act does not provide for the hours of opening and
closing the polls but the Texas Election Code, Article
2.01 provides as follows:

"... In all elections, general, special,
or primary, the polls shall be open from seven
o'clock a.m. to seven o'clock p.m. in all
counties having a population of one hundred

thousand (100,000) or more according to the
last Federal Census and in all other counties
the polls shall be opened at 8 a.m. and
remaining open until 7 p.m. The election
shall be held for one (1) day only."

The determination of the question which you have
asked turns on what constitutes closing the polls. We
have carefully researched the question and have been
unable to find any decision in American Jurisprudence de-
fining "closing the polls" which is not based upon a statu-
tory definition.

After a careful consideration of the purposes and
intents of the Texas Election Code, as set forth in Article
1.01, it is our opinion that the word "polls" as used in
Article 2.01 of the Texas Election Code refers to the
place in which the election is to be held. Adams v. Corwin,
118 Misc. 701, 195 N.Y.S. 41, 42 (1922). Accordingly,
the provision providing that the polls shall be opened
at seven a.m. means that the place where the election is
to be held is to be opened for the purpose of receiving
the votes of the electors, and that the building or place
wherein the election is to be held shall remain open until
7 o'clock p.m. When the building or place is to be closed,
i.e., the "closing of the polls," it is our opinion that all
persons at the polls who are present and waiting to vote
should be allowed to begin and complete the formal act of
casting their ballots. We are of the further opinion that
if the polling place is not sufficient to hold all persons
who have presented themselves to vote at the time designated
for the closing of the polls with due regard to the order
and decorum of the election, the election judge may allow
the overflow to remain outside, taking such precautions as
necessary to see that no persons ariving after seven o'clock
join the group of persons waiting to vote. One manner of
preventing late-comers from joining the group would be to
station a clerk outside to see that no persons who arrive
after the hour for closing were allowed to vote.

## SUMMARY

The closing of the polls within the
meaning of the Texas Election Code
means the closing of the room or
building where the election is to be
held, allowing all those at the polls
waiting to vote, whether within or

without, to begin and complete the
voting of their ballots.  All other
persons should be excluded, and a
proper method of so doing is to
station a clerk at the end of the
line of voters.

Very truly yours,

WILL WILSON
Attorney General

BY *John Minton*

John Minton
Assistant

JM:dmp

APPROVED:

OPINION COMMITTEE:

George P. Blackburn, Chairman
C. K. Richards
Leonard Passmore
J. C. Davis

REVIEWED FOR THE ATTORNEY
GENERAL BY:

James N. Ludlum